## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LYNN PUCKETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Civil Action File** |
| v. ) | **No. _____** |
| ) | |
| **SSA ENTERPRISES, INC. D/B/A** ) | |
| **PAWSPA RESORT AND SHARRON** ) | |
| **FEESE,** ) | **JURY TRIAL DEMANDED** |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Lynn Puckett ("Mr. Puckett"), by and through undersigned counsel, and files this Complaint for Damages against the above-named Defendants, showing the Court as follows:

### INTRODUCTION

1.

The instant action arises from Defendants' violation of Mr. Puckett's right to minimum wage and overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended (the "FLSA").

2.

During the employment of Mr. Puckett, Defendants violated the FLSA by failing to pay Mr. Puckett at the legally required minimum wage rate and by failing to pay Mr. Puckett overtime compensation for hours worked in excess of 40 hours per week.  As a result, Mr. Puckett is seeking unpaid minimum wages, unpaid regular wages, unpaid overtime compensation, liquidated damages in an amount equal to the unpaid minimum wages and overtime compensation, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

## PARTIES

5.

Mr. Puckett resides in Dawson County, Georgia and is a citizen of the United States.

6.

At all times material hereto, Mr. Puckett was a non-exempt "employee" of Defendants for purposes of the FLSA.

7.

At all times material hereto, Mr. Puckett handled, sold, and worked with goods or materials that have been moved in or produced for interstate commerce, and Mr. Puckett was engaged in commerce during his employment with Defendants.

8.

Defendant SSA Enterprises, Inc. d/b/a PawSpa Resort ("PawSpa Resort") is a Georgia corporation with a principal office address of 6196 GA Hwy 400, Cumming, Georgia 30028.  PawSpa Resort regularly transacts business in the State of Georgia and may be served through its registered agent, Brensen D. Feese, at 6196 GA Hwy 400, Cumming, Georgia 30028.  At all times material hereto, PawSpa Resort was an "employer" of Mr. Puckett for purposes of the FLSA, and

PawSpa Resort is jointly and severally liable for the failure to pay Mr. Puckett as required.

9.

Defendant Sharron Feese ("Ms. Feese") is a Georgia resident. Ms. Feese is the owner, Chief Executive Officer, Chief Financial Officer, and Secertary of PawSpa Resort. At all times material hereto, Ms. Feese exercised control over significant aspects of the operations of PawSpa Resort, including employee compensation, and Ms. Feese personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Ms. Feese was an "employer" of Mr. Puckett for purposes of the FLSA, and Ms. Feese is jointly and severally liable for the failure to pay Mr. Puckett as required.

10.

At all times material to this action, PawSpa Resort and Ms. Feese were Mr. Puckett's "joint employer" for purposes of the FLSA due to an arrangement between the individual Defendants to share the services of Mr. Puckett, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Mr. Puckett, and/or because the individual Defendants shared control of Mr. Puckett's employment, and/or because one

Defendant controls the other Defendants, and/or because the Defendants are under common control.

11.

PawSpa Resort is a pet boarding, grooming, and daycare facility in Cumming, Georgia. In addition to PawSpa Resort, Ms. Feese is also the owner and Chief Executive Officer of related companies PawSpa Resort – Acworth, Inc. ("PawSpa Acworth") and PawSpa Global, LLC ("PawSpa Global"). PawSpa Acworth is a PawSpa boarding, grooming, and daycare facility in Acworth, Georgia. PawSpa Global is a consulting or franchise company that owns PawSpa Resort trademarks, assists licensees or franchisees in establishing new PawSpa locations and in operating within established PawSpa criteria, and markets the PawSpa brand. PawSpa Global owns the land on which PawSpa Resort operates. PawSpa Resort and PawSpa Global share the same registered agent, Brenden Feese—Ms. Feese's son. Ms. Feese's daughter, Kerri Carson, is PawSpa Acworth's registered agent.

12.

Collectively, Defendant PawSpa Resort, Defendant Sharron Feese, PawSpa Acworth, and PawSpa Global comprise an "enterprise" for purposes of the FLSA (the "Enterprise"). Through unified operation and common control, the Enterprise

5

entities perform related activities for a common business purpose—the development of PawSpa brand franchises and the operation of PawSpa pet boarding, grooming, and daycare facilities, including the facility at which Mr. Puckett worked. Each Enterprise entity's operations are interdependent of and benefit from the other Enterprise entities' operations. Income is shared between the Enterprise entities, and the Enterprise's employees and agents are often employed interchangeably between its entities. The Enterprise share operational and managerial control.

13.

At all times material hereto, the Enterprise had two or more employees who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for commerce. On information and belief, the Enterprise's annual gross volume of sales made or business done was at least $500,000.00 during Mr. Puckett's employment.

**FACTUAL ALLEGATIONS**

14.

Mr. Puckett worked at PawSpa Resort from June 10, 2012 to April 27, 2015.

15.

Defendants agreed to compensate Mr. Puckett at the rate of $10.50 per hour for each hour worked.

16.

During his employment with Defendants, Mr. Puckett frequently performed work "off the clock," at the direction and request of Ms. Feese.

17.

Defendants did not compensate Mr. Puckett for hours worked off the clock, and Defendants often did not compensate Mr. Puckett for all of his recorded hours.

18.

Because Defendants failed to pay Mr. Puckett for all hours worked, Mr. Puckett's pay was at times insufficient to compensate him at the minimum hourly wage for each hour actually worked.

19.

Additionally, Mr. Puckett consistently worked in excess of 40 hours per week throughout his employment with Defendants.

20.

Although Defendants were aware of the fact that Mr. Puckett regularly performed off the clock work and regularly worked in excess of 40 hours per week,

Defendants failed to compensate Mr. Puckett at the minimum wage rate for all hours worked and failed to pay Mr. Puckett overtime compensation.

21.

Defendants knowingly suffered or permitted Mr. Puckett to work more than 40 hours per week and for less than the minimum wage.

22.

Defendants failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Mr. Puckett.

23.

Before initiating the instant suit, Mr. Puckett attempted to resolve his wage claims outside of litigation; however, Defendants refused to pay Mr. Puckett the unpaid compensation owed to him.

24.

Defendants have not made a good faith effort to comply with the FLSA with respect to Mr. Puckett.

**COUNT ONE:  VIOLATION OF FLSA (MINIMUM WAGE)**

25.

Mr. Puckett realleges and incorporates Paragraphs 1 through 24 of this Complaint, as if fully set forth herein.

26.

At all times relevant hereto, Mr. Puckett was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Mr. Puckett at a rate not less than the hourly minimum wage of $7.25 per hour.

27.

By failing to properly pay Mr. Puckett in accordance with § 206 of the FLSA, and by failing to make, keep, and preserve records sufficient to determine Mr. Puckett's wages and hours, despite knowledge of Mr. Puckett's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

28.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Mr. Puckett is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Mr. Puckett at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

**COUNT TWO: VIOLATION OF FLSA (OVERTIME)**

29.

Mr. Puckett realleges and incorporates Paragraphs 1 through 28 of this Complaint, as if fully set forth herein.

30.

At all times relevant hereto, Mr. Puckett was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Mr. Puckett at least one and one-half times his regular rate, or each hour worked in excess of 40 hours per week.

31.

By failing to pay overtime compensation to Mr. Puckett in accordance with § 207 of the FLSA, and by failing to make, keep, and preserve accurate records concerning Mr. Puckett's employment, despite knowledge of Mr. Puckett's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

32.

As a result of Defendants' willful violation of the FLSA's overtime mandate, Mr. Puckett is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**COUNT THREE: BREACH OF CONTRACT**

33.

Mr. Puckett realleges and incorporates Paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

34.

Defendants agreed to pay Mr. Puckett $10.50 for each hour worked.

35.

By failing to pay Mr. Puckett for each hour worked, Defendants breached their agreement with Mr. Puckett.

36.

As a result of Defendants' breach of contract, Mr. Puckett is entitled to damages, including pre-judgment interest, in an amount to be determined at trial.

## COUNT FOUR: ATTORNEYS' FEES AND EXPENSES

37.

Mr. Puckett realleges and incorporates Paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

38.

As set forth above, Defendants have acted in bad faith, have been stubbornly litigious, and have caused Mr. Puckett unnecessary trouble and expense.

39.

As a result of Defendants' conduct as set forth herein, and pursuant to O.C.G.A. § 13-6-11, Defendants should be required to reimburse Mr. Puckett for the attorneys' fees and costs incurred to prosecute this action.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Puckett prays:

(a) That Defendants be served with process and required to answer this suit;

(b) For a trial by jury;

(c) For judgment in favor of Mr. Puckett and against Defendants for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(d) For an award of litigation expenses and costs, including attorneys' fees; and

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 13th day of July, 2015.

**COHAN LAW GROUP, LLC**

*/s/ Louis R. Cohan*

LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com