## **SETTLEMENT AGREEMENT**

WHEREAS, Lynn Puckett, Lisa Puckett, and Thomas Chastain were employees of SSA Enterprises, Inc. d/b/a PawSpa Resort until on or around April 27, 2015;

WHEREAS, Lynn Puckett and Lisa Puckett are married;

WHEREAS, Thomas Chastain is Lisa Puckett's adult son;

WHEREAS, Lynn Puckett alleged that SSA Enterprises, Inc. failed to compensate him in a manner compliant with the Fair Labor Standards Act, as amended (29 U.S.C. §§ 201 *et seq.*, the "FLSA"), as regards the FLSA's minimum wage and overtime compensation requirements, and that SSA Enterprises, Inc. breached his employment contract (the "FLSA Allegations");

WHEREAS, Lynn Puckett filed a lawsuit against SSA Enterprises, Inc. and Sharron Feese ("Feese"), who is an owner and officer of SSA Enterprises, Inc., styled *Lynn Puckett v. SSA Enterprises, Inc. d/b/a PawSpa Resort et al.*, United States District Court for the Northern District of Georgia, Civil Action File No. 1:15-cv-02494-MHC (hereinafter, "the Lawsuit"), making claims for damages related to the FLSA Allegations;

WHEREAS, SSA Enterprises, Inc. and Feese (collectively, the "Defendants") responded to the allegations of the Lawsuit and denied any violation of the FLSA, breach of contract, or other wrongdoing and, in particular, denied the application of the FLSA's minimum wage and overtime requirements to Lynn Puckett's employment based on his job duties and SSA Enterprises, Inc.'s revenues, pursuant to 29 U.S.C. §§ 203, 206, and 207;

WHEREAS, in the Lawsuit, SSA Enterprises, Inc. asserted counterclaims against Lynn Puckett and third-party claims against Lisa Puckett and Thomas Chastain, alleging that Lynn Puckett, Lisa Puckett, and Thomas Chastain violated the Georgia Computer Systems Protection Act (O.C.G.A. §§ 16-9-90 *et seq.*) and engaged in a civil conspiracy by deleting or altering employee time-records kept by SSA Enterprises, Inc.;

WHEREAS, Lynn Puckett amended his Complaint in the Lawsuit to add a claim of FLSA retaliation, alleging that SSA Enterprises, Inc.'s counterclaims, third-party complaints, and certain complaints to law enforcement authorities were unlawfully retaliatory;

WHEREAS, the Defendants continue to deny violation of the FLSA, breach of contract, or other wrongdoing;

WHEREAS, Lynn Puckett, Lisa Puckett, Thomas Chastain, SSA Enterprises, Inc., and Feese (hereinafter, collectively referred to as the "Parties") have agreed to resolve all

[1]

disputes between them, of any kind, related to Lynn Puckett's, Lisa Puckett's, or Thomas Chastain's employment with SSA Enterprises, Inc.;

WHEREAS, the Parties stipulate that the payment that will be made to Lynn Puckett is a fair and reasonable compromise in light of his claims and Defendants' denials of his allegations;

NOW, THEREFORE, for valuable consideration, the receipt and sufficiency of which is hereby acknowledged, (a) **Lynn Puckett**; (b) **Lisa Puckett**; (c) **Thomas Chastain** (hereinafter, Lynn Puckett, Lisa Puckett, and Chastain will be referred to collectively as the "Puckett Parties"); (d) **SSA Enterprises, Inc.**, and its past, present and future officers, directors, stockholders, affiliates, partners, agents, servants, representatives, attorneys, employees, insurers, predecessors, successors, subrogees, and assigns ("SSA"); and (e) **Sharron Feese** make and enter this Settlement Agreement ("Agreement"), agreeing as follows:

**1.     Payment**: Defendants agree to pay Lynn Puckett the total amount of $1,500.00 (One Thousand, Five Hundred and No/100 Dollars). SSA shall make the payment described in this paragraph by check payable to Cohan Law Group, LLC and delivered to Louis R. Cohan at COHAN LAW GROUP, LLC, 3340 Peachtree Road, N.E., Suite 2570, Atlanta, Georgia 30326.

**2.     Court Approval and Timing of Payment**. Within five (5) business days after all Parties have executed this Agreement, and subject to Defendants' satisfaction of the obligations undertaken pursuant to Paragraph 5(d) of this Agreement, the Parties shall file a Joint Motion to Approve Settlement Agreement in the form attached hereto as Exhibit A. Defendants will deliver the settlement payment, referenced in Paragraph 1, so that it is actually received within five (5) business days of the entry of an order granting the Joint Motion to Approve Settlement and approving the Agreement.

**3.     Dismissal**. Within three (3) business days of receipt by Lynn Puckett's counsel of the settlement payment, Lynn Puckett's counsel will cause to be filed a Joint Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit B.

**4.     Taxes**. Lynn Puckett acknowledges and agrees that he is individually responsible for the payment of any and all federal, state and/or local taxes, if any, that may be due and owing by them to any revenue agency and that are or may be owed as taxes or other withholdings with respect to monies paid hereunder. Lynn Puckett represents that he is not relying in any way upon Defendants in this regard.

**5.     Release**.

(a)   Subject to Court approval of this Agreement and timely receipt of the Settlement Payment, the Puckett Parties, for themselves, and for any of their past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge the Defendants (including, but not limited to, all of SSA's past,

[2]

        present, or future parent entities; all of SSA's subsidiaries, affiliates, divisions, and employee benefit and pension plans or funds; and all of the respective past, present, or future directors, officers, attorneys, agents, trustees, administrators, representatives, insurers, fiduciaries, employees, successors, and assigns of SSA or Feese) of and from any claims, causes of action, liability, or damages that any of the Puckett Parties might have against one or both of Defendants, whether currently known to the Puckett Parties or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Lawsuit or Lynn Puckett's, Lisa Puckett's, or Thomas Chastain's employment with SSA. Without limiting the foregoing in any way, such release includes, but is not limited to, any claims for breach of contract, FLSA violations, unlawful retaliation, litigation costs, attorneys' fees, or interest; and any claims for compensation, wages, severance, bonuses, monetary or equitable relief or other damages of any kind, paid time off, or other employee fringe benefits. Notwithstanding the foregoing, the Defendants are not released from any claims of a breach of this Agreement.

(b)     Upon the Court's entry of an Order approving this Agreement and the filing of the Joint Stipulation of Dismissal with Prejudice described in Paragraph 3, the Defendants, for themselves, and for any of their past, present and future agents, successors, heirs, representatives, executors, attorneys, insurers and assigns, and all others acting by, through, or in concert with them, hereby release, acquit and forever discharge the Puckett Parties of and from any claims, causes of action, liability, or damages that either of the Defendants might have against one or more of Puckett Parties, whether currently known to the Defendants or not. This waiver and release includes, but is not limited to, all damages, costs, expenses, actions, causes of action, suits of liability, and controversies of any and every kind and description whatsoever, whether at law or equity, under statute, in contract, or in tort, suspected or unsuspected, known or unknown—without exception or reservation, now existing or which may accrue later, including any and all claims asserted or which could have been asserted in any lawsuit, on account of and in any manner arising out of or related to the Lawsuit or Lynn Puckett's, Lisa Puckett's, or Thomas Chastain's employment with SSA.  Without limiting the foregoing in any way, such release includes, but is not limited to, any claims for violation of the Georgia Computer Systems Protection Act or civil conspiracy. Notwithstanding the foregoing, the Puckett Parties are not released from any claims of a breach of this Agreement.

    (c)    The Parties agree that no party to this Agreement will bring additional claims against another party to this Agreement related to, or any way connected to, the Lawsuit or Lynn Puckett's, Lisa Puckett's, or Thomas Chastain's employment with SSA.

    (d)    The Parties agree that any criminal allegations asserted by one party against another related to, or any way connected to, the Lawsuit, the Puckett Parties' employment with SSA, or Defendants' business and employment practices will not be pursued by any Party. Specifically, the Parties agree that no party to this Agreement will initiate (as of the date of this Agreement) a law enforcement investigation into another party to this Agreement related to, or any way connected to, the Lawsuit, the Puckett Parties' employment with SSA, or Defendants' business and employment practices.  As it relates to the existing criminal investigations of the kind described in this paragraph, which have already been initiated or otherwise caused by one or both Defendants as of the date of this Agreement, including but not limited to those arising from criminal complaints, communications, or reports to the Forsyth County Sheriff's Office, Defendants shall contact a representative of the law enforcement agency with whom the investigation was initiated and inform the representative, in writing: that the parties have reached an agreement resolving the issues that prompted the investigation and that Defendants no longer wish to assert or pursue criminal charges against any party to this Agreement. Defendants shall provide the Puckett Parties with evidence that such written communication was made within five (5) business days after the execution of this Agreement by all Parties.  This Agreement is expressly conditioned on satisfaction of the written notice requirements set forth herein, and this provision is a material term of the Agreement.  Notwithstanding the foregoing, the Parties acknowledge that none of the Parties has control or discretion over whether a law enforcement agency halts an ongoing criminal investigation or proceeds with prosecution.

**6.**     **Non-Disparagement**.    The Parties agree that, unless otherwise required by law, neither the individual Puckett Parties nor Defendants will make any disparaging statement or representation, whether directly or indirectly, orally or in writing, to any person, entity, or authority whatsoever, about any other Party to this Agreement or any of SSA's current or former parents, subsidiaries, affiliates, or any of their respective directors, officers, employees or agents.  For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would reasonably cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, or good character of the person or entity to whom the communication relates, or which has the purpose or effect of maligning, impugning, or causing harm to the subject Party.

**7.**     **Non-Assignment of Claims.** Each of the Parties represents, understanding the materiality of this representation, and warrants that he or she or it has not conveyed,

transferred, pledged, hypothecated, or in any manner whatsoever assigned or encumbered any of the rights, demands, suits, judgments, actions or causes of action released herein.

**8.**     **Non-Admissions**.  The Parties acknowledge and agree that this Agreement is intended to compromise disputed claims and that the Parties do not admit or acknowledge any liability to any other party. The Parties further understand and agree that this Agreement is entered into without prejudice; that it shall not constitute precedent; that it is not intended to be, nor shall it be construed as, an interpretation of any contract or transaction; and that it shall not be used as evidence in any court or dispute resolution proceeding regarding any claims between the Parties, other than with respect to enforcement of this Agreement.

**9.**     **Attorney's Fees and Costs**. The Parties shall be responsible for their own fees, costs, and all other expenses (including, without limitation, fees and/or expenses for attorneys or other professionals) arising from or in any way related to the matters that are the subject of this Agreement.

**10.**    **Further Acts**.  The Parties will sign and deliver to one another such further instruments and documents as any party hereto may reasonably request in order to more fully consummate the transactions that are the subject of this Agreement and to give further effect to the provisions of this Agreement.

**11.**    **Interpretation**.  The Parties acknowledge and agree that this Agreement and the settlement memorialized herein were negotiated between the parties or counsel for the Parties, and, in the event of a dispute about the meaning, construction, or interpretation of this Agreement, no presumption shall apply to construe the language of this Agreement for or against any of the Parties hereto. If any provision of this Agreement shall be determined to be void or unenforceable by a court of competent jurisdiction, the remainder of this Agreement shall remain valid and enforceable.

**12.**    **Headings**.  The headings or titles of paragraphs, sections and subsections contained in this Agreement are inserted only as a matter of convenience and for reference and in no way define, limit, extend or describe the scope of this Agreement or the intent of any provision of this Agreement.

**13.**    **Separate Counterparts**.  This Agreement may be executed in one or more counterparts and transmitted electronically, all of which together shall be one instrument and all of which shall be considered duplicate originals.

**14.**    **Benefit/Assignment**.  Subject to the provisions herein to the contrary, this Agreement shall inure to the benefit of and be binding upon the Parties hereto and their respective legal representatives, heirs, executors, administrators, trustees, successors, and assigns.

**15.**    **Entire Agreement**.  This Agreement is the entire and final agreement among the Parties hereto with respect to the matters herein, and all negotiations in connection with this Agreement are merged herein.  No representations, inducements, promises or

agreements between the Parties hereto with respect to the subject matter hereof not embodied herein shall be of any force or effect.

**16.** **Amendment**.  This Agreement may not be changed, amended or modified unless such change, amendment or modification is made in writing and signed by all Parties to be charged.

**17.** **Advice of Counsel**.  By executing this Agreement, the Parties hereto agree that they have read and understand the terms and conditions of this Agreement, have been advised to and have had the opportunity to consult with an attorney, and that they have entered into this Agreement freely and voluntarily.

**18.** **Choice of Law**.  In all respects not preempted by the FLSA, this Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Georgia, notwithstanding any choice of law rule.  Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

    IN WITNESS WHEREOF, the undersigned have set their hands, this instrument to be effective as of the date executed by all parties below.

**[SIGNATURE BLOCKS APPEARING ON FOLLOWING PAGE]**

Executed this _____ day of _____, 2016.

_____
Lynn Puckett
*Plaintiff*

Executed this _____ day of _____, 2016.

_____
Lisa Puckett
*Third-Party Defendant*

Executed this _____ day of _____, 2016.

_____
Thomas Chastain
*Third-Party Defendant*

Executed this _____ day of _____, 2016.

SSA Enterprises, Inc.
*Defendant*

*/s/ Sharron Feese*

By: Sharron Feese
Its: Chief Executive Officer

Sharron Feese,
*Defendant*

*/s/ Sharron Feese*

Sharron Feese

[7]

Executed this __2__ day of __Feb__, 2016.        Executed this _____ day of _____, 2016.

*Lynn Puckett* (signature)

_____        SSA Enterprises, Inc.
Lynn Puckett        *Defendant*
*Plaintiff*

        _____
        By: Sharron Feese
Executed this _____ day of _____, 2016.        Its: Chief Executive Officer


        Sharron Feese,
_____        *Defendant*
Lisa Puckett
*Third-Party Defendant*        _____

        Sharron Feese
Executed this _____ day of _____, 2016.



_____
Thomas Chastain
*Third-Party Defendant*

Executed this _____ day of _____, 2016.

_____
Lynn Puckett
*Plaintiff*

Executed this __2__ day of __Feb__, 2016.

*Lisa Puckett* (signature)
_____
Lisa Puckett
*Third-Party Defendant*

Executed this _____ day of _____, 2016.

_____
Thomas Chastain
*Third-Party Defendant*

Executed this _____ day of _____, 2016.

SSA Enterprises, Inc.
*Defendant*

_____
By: Sharron Feese
Its: Chief Executive Officer

Sharron Feese,
*Defendant*

_____
Sharron Feese

02/02/16

[7]

[7]

Executed this _____ day of _____, 2016.

_____

Lynn Puckett
*Plaintiff*

Executed this _____ day of _____, 2016.

_____

Lisa Puckett
*Third-Party Defendant*

Executed this __2__ day of __Feb___, 2016.

_____
*(signature)*

Thomas Chastain
*Third-Party Defendant*

Executed this _____ day of _____, 2016.

SSA Enterprises, Inc.
*Defendant*

_____

By: Sharron Feese

Its: Chief Executive Officer

Sharron Feese,
*Defendant*

_____

Sharron Feese

# **Exhibit A**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYNN PUCKETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No.  1:15-cv-02494-MHC |
| | § | |
| SSA ENTERPRISES, INC., D/B/A | § | |
| PAWSPA RESORT and SHARRON | § | |
| FEESE, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| vs. | § | |
| | § | |
| LISA PUCKETT and THOMAS | § | |
| CHASTAIN, | § | |
| | § | |
| Third-Party Defendants. | § | |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

COME NOW, Plaintiff Lynn Puckett and Defendants SSA Enterprises, Inc. ("SSA") and Sharron Feese (hereinafter, Lynn Puckett, SSA, and Feese, collectively, referred to as the "Moving Parties"), and hereby submit, for the Court's approval, a Settlement Agreement to resolve this action, executed and agreed to by all parties to this lawsuit (the "Parties"). The Moving Parties ask the Court to review the attached Settlement Agreement and sign the proposed Order,

attached hereto, stating that the terms of the Settlement Agreement are fair and reasonable.

In support of their Motion, the Moving Parties show the Court as follows:

1. Lynn Puckett filed this lawsuit on July 13, 2015, asserting claims for unpaid minimum wage and overtime compensation against SSA and Feese (hereinafter, SSA and Feese referred to, collectively, as the "Defendants") under the Fair Labor Standards Act ("FLSA," 29 U.S.C. §§ 201 *et seq.*), as well as a breach of contract claim. [See Doc. 1.]

2. The Defendants filed timely responses to Lynn Puckett's Complaint, denying that either of them is liable to him for unpaid minimum wage or overtime compensation and that either of them breached Lynn Puckett's employment contract. [See Doc. 6.]

3. In addition, SSA asserted counterclaims against Lynn Puckett and third-party claims against Lisa Puckett and Thomas Chastain (with Lisa Puckett and Thomas Chastain hereinafter referred to, collectively, as the "Third-Party Defendants"), alleging that Lynn Puckett and the Third-Party Defendants violated the Georgia Computer Systems Protection Act (O.C.G.A. §§ 16-9-90 *et seq.*) and engaged in a civil conspiracy by deleting or altering employee time-records kept by SSA Enterprises, Inc. [See Doc. 6.]

4. Thereafter, Lynn Puckett amended his Complaint to add a claim of retaliation under the FLSA, alleging that SSA's counterclaims and third-party complaints were unlawfully retaliatory. [See Doc. 15.]

5. Defendants also filed timely responses to Lynn Puckett's Amended Complaint, denying that either of them engaged in unlawful retaliation. [See Docs. 23 and 29.]

6. Among other issues raised in their responses, Defendants deny that SSA is subject to the FLSA's minimum wage and overtime provisions.

7. Since then, the Parties have engaged in significant discovery on the issues relevant to this action, including written discovery and multiple depositions.

8. Without any admission of liability or wrongdoing, the Parties have agreed to resolve the claims asserted in this action by settlement, the terms of which are memorialized in the Settlement Agreement. (A copy of the Settlement Agreement is attached hereto as **Exhibit A**.)

9. The Parties stipulate that the payment that will be made to Lynn Puckett as part of the Settlement Agreement is a fair and reasonable compromise in light of his claims and Defendants' denials of his allegations.

10. The Settlement Agreement fully settles all of the claims asserted by Lynn Puckett or by SSA in this action—including all alleged FLSA violations—as well

as all other claims that could have been asserted by any of the Parties against another of the Parties related to Lynn Puckett's, Lisa Puckett's, or Thomas Chastain's employment with SSA.

11. The Moving Parties submit the Settlement Agreement for review by this Court and for a determination that the terms thereof are fair and reasonable. See Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1355 (11th Cir. 1982).

12. Third-Party Defendants Lisa Puckett and Thomas Chastain consent to determination sought in this Motion.

13. A proposed Order is attached hereto as **Exhibit B**.

Submitted this __th day of _____, 2016.

OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP

_____
DAVID L. PARDUE
Georgia Bar No. 561217
AARON I. SALTZMAN
Georgia Bar No. 470763
***Counsel for SSA Enterprises, Inc. and Sharron Feese***

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Phone: 404.688.2600
Fax: 404.525.4347
dpardue@og-law.com
asaltzman@og-law.com

COHAN LAW GROUP, LLC

_____
Louis R. Cohan
Georgia Bar No. 173357
Michelle L. Wein
Georgia Bar No. 385424
***Counsel for Plaintiff***

3340 Peachtree Road NE
Suite 2570
Atlanta, Georgia 30326
TEL: 404.891.1770
FAX: 404.891.5094
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com

CONSENTED TO BY:

_____
Lisa Christine Puckett
***Pro Se***

514 Norma Road
Dawsonville, Georgia 30534

_____
Thomas William Chastain
***Pro Se***

65 Choctaw Ridge South
Dahlonega, Georgia 30533

[5]

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This the ___th day of January, 2016.

_____

**Exhibit B**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| LYNN PUCKETT, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | Case No. 1:15-cv-02494-MHC |
| SSA ENTERPRISES, INC., D/B/A PAWSPA RESORT and SHARRON FEESE, | § § § § § | |
| Defendants, | § § | |
| vs. | § § § | |
| LISA PUCKETT and THOMAS CHASTAIN, | § § § § | |
| Third-Party Defendants. | § | |

## JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

COME NOW, Plaintiff Lynn Puckett and Defendants SSA Enterprises, Inc. and Sharron Feese, and hereby stipulate to this Court's dismissal with prejudice of all claims asserted by the Plaintiff or by the Defendants in this action. This stipulation includes all claims or causes of action asserted in Plaintiff's Amended Complaint [Doc. 15] and all claims or causes of action asserted in Defendant's Counterclaims and Third-Party Complaint [Doc. 6].

A proposed order is attached as an Exhibit.

[1]

This _____ day of _____, 2016.

                                  OWEN, GLEATON, EGAN, JONES & SWEENEY, LLP

                                  _____
                                  DAVID L. PARDUE
                                  Georgia Bar No. 561217
                                  AARON I. SALTZMAN
                                  Georgia Bar No. 470763
                                  ***Counsel for SSA Enterprises, Inc. and Sharron Feese***

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Phone: 404.688.2600
Fax: 404.525.4347
dpardue@og-law.com
asaltzman@og-law.com

                                  COHAN LAW GROUP, LLC

                                  _____
                                  Louis R. Cohan
                                  Georgia Bar No. 173357
                                  Michelle L. Wein
                                  Georgia Bar No. 385424
                                  ***Counsel for Plaintiff***

3340 Peachtree Road NE
Suite 2570
Atlanta, Georgia 30326
TEL: 404.891.1770
FAX: 404.891.5094
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com

[2]