IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LYNN PUCKETT,

    Plaintiff,

v.

SSA ENTERPRISES, INC., D/B/A
PAWSPA RESORT and SHARRON
FEESE,

    Defendants,

v.

LISA PUCKETT and THOMAS
CHASTAIN,

    Third-Party Defendants.

CIVIL ACTION FILE
NO. 1:15-CV-2494-MHC

## ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement Agreement [Doc. 44].

The Court reviewed the Settlement Agreement [Doc. 44-1] to determine its adequacy and consistency with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350,

1353 (11th Cir. 1982). Based on its review of the parties' agreement and the record in this case, the Court concludes: (1) the terms of the Settlement Agreement for all parties are a fair, reasonable, and adequate resolution of this action; and (2) the Settlement Agreement was reached between Plaintiff and Defendants in an adversarial context where both parties had legal representation.[1]

Upon consideration of the Joint Motion for Approval of Settlement Agreement, the Court **ORDERS** that the payment of the settlement amount shall be made as provided in the Settlement Agreement. The parties have agreed that they will be responsible for their own fees, costs, and all other expenses (including, without limitation, for fees and/or expenses for attorneys or other professionals) arising from or in any way related to the matters that are the subject of the Settlement Agreement.

Accordingly, the Court **GRANTS** the Joint Motion [Doc. 44], **APPROVES** the parties' Settlement Agreement, and hereby **DISMISSES** all claims in the above-styled action **WITH PREJUDICE.**

---

[1] Although Third-Party Defendants were not represented by counsel, the Settlement Agreement results in all claims being dismissed against them.

**IT IS SO ORDERED** this 4th day of February, 2016.

_____
MARK H. COHEN
United States District Judge